IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL GARCIA,
on behalf of himself and others similarly
situated,

    Plaintiff,

vs.                                     **COLLECTIVE ACTION**

DASCOR CORPORATION, a
Florida Corporation,

    Defendant.
_____/

# COMPLAINT

## INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime compensation owed to Plaintiff MICHAEL GARCIA (hereinafter "Garcia" or "Plaintiff") and all others similarly situated to him who were formerly or are currently employed as plumbers and plumber's helpers by Defendant DASCOR CORPORATION, (hereinafter, "DASCOR" or "Defendant"). Garcia brings a second claim against Defendant for retaliation pursuant to Florida Statues § 440.205.

2. Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to him, seeks unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendant DASCOR.

3. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendant DASCOR, and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing

them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337, and supplemental jurisdiction for Plaintiff's workers' compensation retaliation claim pursuant to 28 U.S.C. §1367.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Broward County, Florida and within the Southern District of Florida.

## PARTIES

6. Plaintiff MICHAEL GARCIA (hereinafter "Plaintiff" or "GARCIA") was, at all material times, a resident of Broward County, Florida and was employed as an hourly wage plumber/plumber's helper by Defendant DASCOR for its plumbing company, DASCOR Plumbing in Broward County, Florida, until his separation from employment on or about late November 2020.

7. At all times material, during Plaintiff's employment with Defendant DASCOR, Plaintiff was engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled goods and materials that traveled in interstate commerce and utilized plumbing supplies and equipment that were manufactured in other states outside of Florida.

8. At all times material, Defendant DASCOR was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA. Defendant, DASCOR is a Florida Corporation

doing business throughout South Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.  At all times pertinent to this Complaint, DASCOR operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and DASCOR obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## FACTUAL ALLEGATIONS

9. The allegations in Paragraphs 1 through 8 are incorporated as if fully stated herein.

10. Plaintiff is a non-exempt former employee of Defendant DASCOR who worked as a plumber/plumber's helper from 2017 until November 2020 for Defendant's plumbing business located in Broward County, Florida.

11. For at least three years prior to this filing Plaintiff, and others similarly situated, worked more than 40 hours per week during his employment without being paid the federally mandated wage for overtime. Specifically, Defendant's pay policy with respect to its plumbers and plumber's helpers violates the FLSA as follows:

    a. Defendant requires its plumbers and plumber's helpers to work on call for

emergency and after hours plumbing calls, but does not include this time in its employees' compensable time;

      b.    Defendant does not pay its plumbers and plumber's helpers for all hours worked by automatically deducting time for a meal break, regardless of whether or not the break was taken; and,

      c.    Defendant does not pay its plumbers and plumber's helpers for all hours worked by directing them to exclude certain compensable time from their time sheets.

12. Defendant pays all of their plumbers and plumber's helpers in the same fashion. There are at least 10-15 other current and former plumbers and plumber's helpers who were paid in the manner described above.

13. Defendant's time keeping practices do not comply with the FLSA because its plumbers and plumber's helpers are not credited for all hours worked.

## LEGAL CLAIMS
### COUNT I (as to Plaintiff and those similarly situated):
### Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by Defendant

14. The allegations in Paragraphs 1 through 13 are realleged and fully incorporated by reference herein.

15. By its actions alleged above, Defendant DASCOR willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

16. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## Demand for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A. To authorize the issuance of notice at the earliest possible time to all current and former employees who were employed by Defendant, and who were subject to the pay policy as described above. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

B. To declare that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

C. To declare that Defendant's violations of the FLSA were willful;

D. To award Plaintiff and other similarly situated current and former employees of Defendant adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

E. To award Plaintiff and other similarly situated current and former employees of Defendant liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H. To award Plaintiff and other similarly situated current and former employees of Defendant their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II (as to Garcia only): Retaliation in Violation of Fla. Stat. § 440.205**

17. Plaintiff realleges and incorporates paragraphs 1, 4, 5 and 6 above.

18. On or about May 2020, Plaintiff was injured on the job when a ladder he was strapping in on his work truck snapped back and struck his eye.

19. Plaintiff reported the injury to his employer, but DASCOR refused to assist or recognize that Plaintiff had sustained a work-related injury.

20. As a result, Plaintiff hired an attorney to assist him in obtaining medical and workers compensation benefits.

21. In response to Plaintiff obtaining workers compensation counsel, Defendant retaliated against Plaintiff as follows:

   a. Garcia, who formerly worked as a plumber, was relegated to work as a plumber's assistant, a position that pays significantly less than a plumber by virtue of a lower hourly rate and significantly fewer opportunities to work on call, which resulted in a reduction in Garcia's overall compensation;

   b. Defendant started writing up Garcia for various minor issues that no other employees would get written up for; and,

   c. After Garcia requested not to work with a particular substandard co-worker, Defendant terminated Garcia rather than investigate Garcia's complaint about the co-worker's work performance.

22. The Defendant took the above-described adverse employment actions because the Plaintiff engaged in the protected activity described above.

23. Section 440.205 of the Florida Statutes states in pertinent part that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such

employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

24. The Defendant's retaliation against the Plaintiff was in direct response to Plaintiff's work-related injury and resulting application and receipt of workers compensation benefits.

25. As a direct, substantial, and proximate result of the retaliatory conduct described above, Plaintiff has suffered and will continue to suffer lost wages and benefits of employment, extreme emotional distress, mental anguish, humiliation, anxiety, loss of dignity, loss of enjoyment of life, and injury to his reputation.

### Demand for Relief

Plaintiff demands judgment against Defendant as follows:

A. For an award of back pay, lost benefits, and other remuneration in an amount to be determined by the jury;

B. For compensatory damages in an amount to be determined by the jury;

C. For equitable reinstatement to Plaintiff's position with full seniority and wage adjustments that would have been implemented in the absence of Defendant's retaliatory conduct, or an equitable award of front pay in lieu of reinstatement;

D. For injunctive relief restraining further retaliation following Plaintiff's reinstatement;

E. For such further relief as may be necessary and just.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, Michael Garcia, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/Michael Garcia*
Michael Garcia

Dated: February 12, 2021
Plantation, Florida

                                      Respectfully submitted,

                                      /s/*Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*